UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-66-FDW

| | |
|---|---|
| **WILLIAM JAMES THOMAS MORRISON,** ) ) **Plaintiff,** ) ) vs. ) ) **FNU DULAH, Nurse,** *Caldwell County Jail Medical Dept.*, ) **CINDY LNU,** *Head Nurse,* ) *Caldwell County Jail Medical Department,* ) ) **Defendants.** ) ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1), on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 4).

The Court first notes that Plaintiff's trust fund account statement shows that as of April 7, 2014, Plaintiff had $0.20 in his trust account. (Doc. No. 3 at 1). Because Plaintiff lacks sufficient funds with which to pay the filing fee, the Court will grant Plaintiff's application to proceed in forma pauperis.

I. **BACKGROUND**

Pro se Plaintiff William Morrison is a North Carolina state court inmate, currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. Plaintiff filed this action on April 23, 2014, pursuant to 42 U.S.C. § 1983, naming as Defendants "FNU Dulah," identified as a nurse employed at the Caldwell County Jail Medical Department ("the jail"), and "Cindy LNU," identified as the head nurse at the jail. (Doc. No. 1). Plaintiff alleges

1

in the Complaint that, while he was a pre-trial at the jail, on May 18, 2011, he noticed a sore and swollen area on his left calf and filled out a medical request to be seen. (Id. at 3). On May 19, 2011, Plaintiff went to the medical department about his leg and was told he had an ingrown hair. (Id.). On May 26, 2011, Defendant Dulah lanced the infected area in an attempt to remove the infection. (Id.). Plaintiff immediately noticed numbness in the lanced area. (Id.). On July 27, 2011, the infection returned. (Id.). Plaintiff alleges that he was in constant pain at this point. (Id.). Defendant Cindy LNU attempted to cut out the infected area, sticking with the original diagnosis of an infected ingrown hair. (Id.).

On August 29, 2011, the infection returned again, and Defendant Cindy LNU again attempted to cut out the infection. (Id. at 4). On September 21, 2011, the infection returned again and medical staff again tried to remove it by cutting it out. (Id.). Plaintiff submitted a sick call about the infection and, after numerous tests, medical staff determined that Plaintiff had Methicillin-resistant Staphylococcus Aureus ("MRSA"), with possible Hepatitis C. (Id.). Furthermore, Plaintiff had permanent nerve damage from the numerous attempts to cut out the infection. (Id.). Plaintiff was given numerous medications to fight the MRSA. (Id.). Before the MRSA was brought under control, Plaintiff suffered from numerous sores all over his lower body, leaving him with numerous scars in addition to the nerve damage. (Id. at 4-5).

As for the legal claims Plaintiff purports to raise, Plaintiff explains:

> The defendants did nothing to determine the cause of the infection, no test or cultures. To determine if it was actually an ingrown hair after it returned numerous times. Instead the defendants continued to lance and attempt to cut the infection out. The result was nerve damage, numerous permanent scars, and the MRSA going untreated to the point of seriously putting him at risk of incurable disease. In addition to permanent chronic pain.

(Id. at 6). In his prayer for relief, Plaintiff states that he seeks a declaration from this Court that

Defendants' conduct violated Plaintiff's rights under the Constitution and laws of the United States; compensatory damages in the amount of $15,000; and punitive damages in the amount of $15,000. (Id. at 7).

**II.      STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**III.     DISCUSSION**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986).[1] Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's

---

[1] Because Plaintiff was a pre-trial detainee when his alleged claims arose, his claims are properly brought under the Fourteenth Amendment, rather than under the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983).

3

prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

Plaintiff fails to state a claim against Defendants for a violation of any of his federal constitutional rights. At most, Plaintiff alleges that Defendants were negligent in failing to diagnose and treat the MRSA earlier, resulting in permanent nerve damage and scarring. Mere negligence is simply not an actionable claim under § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Whitley v. Albers, 475 U.S. at 319; Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct...."). For these reasons, this action will be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses Plaintiff's action for failure to state a claim.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

2. Plaintiff's Complaint, (Doc. No. 1), is dismissed for failure to state a claim.

3. Plaintiff's Motion to Appoint Counsel, (Doc. No. 4), is **DENIED** as moot.

4. The Clerk is directed to terminate this action.

Signed: June 9, 2014

Frank D. Whitney
Chief United States District Judge